# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

January 7, 2020

*Via ECF*
Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*GAO et al. v LUCKY BROTHER INC d/b/a Chef Pho & Peking Roast Duck et al., 17-cv-08159*

Dear Judge Torres:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

### I.   Background

Plaintiffs WEN BIN GAO, and JIAN FENG HE were employed by Defendants LUCKY BROTHER INC d/b/a Chef Pho & Peking Roast Duck; TOP PEKING DUCK INC d/b/a Chef Pho & Peking Roast Duck; CZL BROTHERS INC d/b/a Chef Pho & Peking Roast Duck and ; and ZHENG CHEN BROTHERS INC d/b/a Japanese & Sweet BasilYONG KAI ZHENG, GUO WU ZHENG, DE GUI CHEN, and AI FANG HUANG a/k/a Al Fang Huang, (collectively, "Defendants"),

This lawsuit was originally filed on October 23, 2017, for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiffs alleged that pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiffs further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: : (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid

Hon. Analisa Torres
Page 2

overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiffs' claims in its entirety.

## II.     The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Two Hundred Forty Thousand Dollars ($240,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiffs claimed that they were not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiffs' Assessment

Plaintiffs' counsel evaluated Plaintiffs' potential damages by discussing with Plaintiffs in great detail the length of their employment, the nature of their work, the hours they worked, and the pay they received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiffs are as follows:

Hon. Analisa Torres
Page 3

Plaintiff WEN BIN GAO claimed that he worked approximately sixty (60) hours on average each week from June 01, 2016 to October 20, 2017; and he was paid Five Hundred Fifty Dollars ($550.00) per half month from June 01, 2016 to October 20, 2017.

Plaintiff WEN BIN GAO's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Eighteen Thousand Three Hundred Seventy-One Dollars And Seventy-Nine Cents ($18,371.79) and his minimum wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was Thirty-Seven Thousand Five Hundred Thirty-Nine Dollars And Forty-Three Cents ($37,539.43). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Nine Thousand Eighty-Two Dollars And Seventeen Cents ($9,082.17) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Ninety-Four Thousand One Hundred Sixty-One Dollars And Three Cents ($94,161.03).

Plaintiff JIAN FENG HE claimed that he worked approximately sixty-six (66) hours on average each week from March 01, 2016 to January 18, 2017; and he was paid Five Hundred Dollars ($500.00) per half month from March 01, 2016 to January 18, 2017.

Plaintiff JIAN FENG HE's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Fifteen Thousand Eight Hundred Twenty-Eight Dollars And Eighty-Two Cents ($15,828.82) and his minimum wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was Twenty-Five Thousand One Hundred Eighty-Eight Dollars And Sixty-Eight Cents ($25,188.68). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Seven Thousand Two Hundred Thirty-Six Dollars And Ninety Cents ($7,236.90) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Sixty-Seven Thousand Six Hundred Fourteen Dollars And Twenty-Six Cents ($67,614.26).

Plaintiffs' Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Two Hundred Forty Thousand Dollars ($240,000.00) inclusive of attorney fees of the Plaintiff's counsel.

B. Defendants' Assessment

Hon. Analisa Torres
Page 4

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiffs' allegations of period of employment, hours worked and amount of compensation.

Plaintiffs are not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL").  As such, Plaintiffs' double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment.  As such, Defendants are of the position that Plaintiffs are not entitled to any liquidated damages.

### III.     The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Two Hundred Forty Thousand Dollars ($240,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiffs, are documented to the amount of Three Thousand Four Hundred Eighty-One Dollars And Eleven Cents ($3,481.11). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Two Hundred Thirty-Six Thousand Five Hundred Eighteen Dollars And Eighty-Nine Cents ($236,518.89).

Of the Net Settlement Amount, One Third (1/3), or Seventy-Eight Thousand Eight Hundred Thirty-Nine Dollars And Sixty-Three Cents($78,839.63), is due to Plaintiffs' attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Three Thousand Four Hundred Eighty-One Dollars And Eleven Cents ($3,481.11) for a total of Eighty-Two Thousand Three Hundred Twenty Dollars And Seventy-Four Cents ($82,320.74). Of the Net Settlement Amount, Two Thirds (2/3), or One Hundred Fifty-Seven Thousand Six Hundred Seventy-Nine Dollars And Twenty-Six Cents($157,679.26) is due to Plaintiffs. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

Of the Settlement Amount due to Plaintiffs:

   01) Fifty-Eight And Twenty Hundredth Percent (58.20%), or Ninety-One Thousand Seven Hundred Sixty-Nine Dollars And Thirty-Three Cents ($91,769.33) is due to Plaintiff WEN BIN GAO; and

   02) Forty-One And Eighty Hundredth Percentp (41.80%), or Sixty-Five Thousand Nine Hundred Nine Dollars And Ninety-Three Cents ($65,909.93) is due to Plaintiff JIAN FENG HE.

  The Plaintiffs' allocation percentage is determined as follows: By first finding the sum of compensatory damages (FLSA and NYLL) in the damages computed and one liquidated damage (NYLL) for each Plaintiff; plus Time-of-Hire and Paystub violations and any breach-of-contract out-of-pocket expenses and then finding the total for Plaintiffs; and finding the weight of each Plaintiff's compensatory and liquidated damages of this total.

  The retainer agreements agreed to and signed by Plaintiffs provided that Plaintiffs' counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

  For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

**TROY LAW PLLC**             *Attorneys for Defendants*
*Attorneys for Plaintiffs*

                  /s/ Zhen Liang Li
/s/ John Troy               Zhen Liang Li, Esq.
John Troy, Esq.             39 East Broadway, Suite 304
41-25 Kissena Blvd., Suite 119       New York, NY 10002
Flushing, NY 11355          Tel: (212)513-1583
Tel.: 718 762 1324