UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEN BIN GAO and JIAN FENG HE, *on behalf of themselves and others similarly situated*,

                      Plaintiffs,

-against-

LUCKY BROTHER INC d/b/a Chef Pho & Peking Roast Duck, TOP PEKING DUCK INC d/b/a Chef Pho & Peking Roast Duck, CZL BROTHERS INC. d/b/a Rabu Sushi d/b/a Arco Asian Cuisine, ZHENG CHEN BROTHERS INC d/b/a Japanese & Sweet Basil, YONG KAI ZHENG, GUO WU ZHENG, DE GUI CHEN, and AI FANG HUANG a/k/a Al Fang Huang,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/2020

17 Civ. 8159 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs, Wen Bin Gao and Jian Feng He, bring this action against Defendants, Lucky Brother Inc d/b/a Chef Pho & Peking Roast Duck, Top Peking Duck Inc d/b/a Chef Pho & Peking Roast Duck, CZL Brothers Inc d/b/a Chef Pho & Peking Roast Duck and Zheng Cheng Brothers Inc d/b/a Japanese & Sweet Basil, Yong Kai Zheng, Guo Wu Zheng, De Gui Chen, and Ai Fang Huang a/k/a Al Fang Huang, for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"), § 190 *et seq. See* ECF Nos. 1, 30. Having reached a settlement (the "Settlement"), the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 98. For the reasons stated below, the motion to approve the settlement agreement is GRANTED.

## DISCUSSION

### I. Legal Standard

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores,*

*Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.   Analysis

The Settlement provides Plaintiffs with a recovery of $240,000 to be allocated as follows: $91,759.33 to Gao and $65,090.93 to He; and $78,839.63 to be paid to Plaintiffs' counsel in attorney's fees, plus expenses in the amount of $3,481.11. Settlement § 1, ECF No. 98-1; *see also* Letter at 2, 4–5. Based on discussion with Plaintiffs and review of Plaintiffs' length of employment, nature of work, hours worked, and actual pay received, Plaintiffs' counsel calculated Plaintiffs' possible maximum recovery to be approximately $94,161.03 for Gao and $67,614.26 for He, excluding attorney's fees and costs. Letter at 3. The parties acknowledge, however, that Defendants dispute Plaintiffs' allegations and deny any liability, and that the parties wished to avoid the inherent risks of litigation. *Id.* at 2–4. Additionally, the parties state that they engaged in arms-length bargaining between experienced counsel, and the Court finds

there is no evidence of fraud or collusion. *Id.* at 2. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it releases Defendant from the "claims alleged in the [c]omplaint **ONLY**, including . . . damages . . . pertaining to Plaintiffs' employment with Defendants as specified in the [c]omplaint." Settlement § 10. Furthermore, the Settlement also contains no confidentiality provision or non-disparagement provision. *See generally* Settlement.

Turning to attorney's fees, Plaintiffs' counsel seeks a fee of one-third of the settlement proceeds, in the amount of $78,839.63, plus expenses in the amount of $3,481.11 (reflecting court filing fees, service of process fees, interpretation costs, and copying costs), totaling $82,320.74. Letter at 4; Ex. 3 at 11, ECF No. 98-3. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiffs' counsel's lodestar calculation is $86,806 in attorney's fees and $3,481.11 in costs. Ex. 3 at 10–11. The two attorneys representing Plaintiffs, Aaron Schweitzer and John Troy, billed at a rate of $350 and $550 per hour, respectively. *See* Ex. 3. Although the Court observes that counsel's rates are on the higher end,[1] a reduction is not necessary in light of counsel's effective representation of Plaintiffs here. The requested award is $78,839.63— approximately 0.9 times the lodestar amount. In other words, Plaintiffs' counsel will recover an award of attorney's fees that is less than the lodestar amount. Courts in this district have found similar awards to be fair and reasonable. *See Reinoso v. Cipriani*, No. 17 Civ. 8509, 2019 WL 2324566, at *3 (S.D.N.Y. May 30, 2019) ("Given that the proposed attorney['s] fees represent approximately one-third of the total settlement amount, and are significantly less than the proffered lodestar amount—which militates in favor of finding the requested amount reasonable—I find the fees contemplated in the [s]ettlement [a]greement to be fair and reasonable."); *see also Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (internal quotation marks and citation omitted)) (collecting cases). Thus, given that the requested attorney's fees represent approximately one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that the requested award of attorney's fees and costs is within a reasonable range.

---

[1] *E.g.*, *Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181, 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) ("[C]ourts in this District generally approve rates of . . . $300 per hour for senior attorneys or associates with eight or more years' experience." (collecting cases)); *Apolinario v. Luis Angie Deli Grocery, Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) ("In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience.").

Additionally, the Court finds that the costs expended, consisting of $3,481.11 in filing fees, service of process fees, interpretation costs, and copying costs, to be reasonable. *See U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416–17 (2d Cir. 1989).

## CONCLUSION

For the reasons stated above, the parties' motion for order approving the Settlement is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 9, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge